UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JUAN BAUTISTA PION,

Plaintiff,

v.

HENNEPIN COUNTY POLICE DEPARTMENT, HENNEPIN COUNTY DISTRICT ATTORNEY'S OFFICE, and HENNEPIN COUNTY JUDGE BURKE K.

Defendants.

Civil File No. 01-795 (JMR/JGL)

ORDER

Plaintiff, a prisoner at the Orleans Correctional Facility in Albion, New York, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not pay any filing fee for this action, but instead filed a motion requesting leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application is now before the Court, and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or

MAY 14 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are <u>not</u> excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so that the Court can determine the initial partial filing fee that the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP application form prescribed for use in this District, provided that the "certificate" portion of the application form is completed and signed by an appropriate prison official.

In the present case, Plaintiff has not complied with the requirements of § 1915(a)(2), as he has not provided any properly certified information regarding his prisoner trust account. Therefore, the Court is unable to determine the amount of the initial partial filing fee that Plaintiff will have to pay before his action can go forward. To correct this deficiency, Plaintiff should submit a new IFP application on the form currently prescribed for use in this District. (The Clerk of Court will be directed to send the prescribed application form to Plaintiff with his copy of this order.) The new IFP application, including the "certificate" portion of the form, must be properly completed, signed by an appropriate prison official, and filed with the Court.

In addition to filing a new IFP application, Plaintiff also must remit his initial partial filing fee to the Clerk of Court. According to § 1915(b)(1), (quoted above), that fee

will be twenty percent (20%) of the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the 6-month period immediately preceding the filing of the complaint. No further action will be taken in this matter until the statutorily prescribed initial partial filing fee has been paid to the Clerk of Court.

Plaintiff will be required to submit both (a) a new, properly completed, IFP application, and (b) the full amount of his initial partial filing fee, within thirty days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed, without prejudice, for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff submits both a proper IFP application and his initial partial filing fee within the time allowed, this action will be allowed to go forward. In that event, however, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief can be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that the named Defendant be served by the U.S. Marshal.[1]

---

[1] Although Plaintiff's pleading in this case has not yet been thoroughly examined, a cursory inspection of the file suggests that this action probably will not survive the initial screening process. To the extent that Plaintiff is attempting to sue the "Hennepin County Police Department," his claim will fail because neither a police department nor a sheriff's department is a suable entity that can be sued as such. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). (If Plaintiff were to amend his pleading to sue Hennepin County itself, for constitutional violations allegedly committed by its employees, his claims would still fail, because municipalities cannot be held vicariously liable for constitutional torts committed by their employees. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).) Plaintiff's claims against the "Hennepin County District Attorney's Office" and "Hennepin County Judge Burke K." will almost certainly be barred by the doctrines of prosecutorial immunity, (see Imbler v. Pachtman,

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall provide to Plaintiff, with his copy of this order, the IFP application form prescribed for use in this District;

2. Within thirty days after the date of this order Plaintiff shall submit both (a) a new IFP application on the prescribed form, and (b) the correct amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1); and

3. In the event that Plaintiff fails to submit both the new IFP application and his initial partial filing fee within thirty days after the date of this order, it will be recommended that this action be dismissed without prejudice.

Dated: May 14, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

424 U.S. 409, 427-428 (1976)), and judicial immunity, (see Stump v. Sparkman, 435 U.S. 349, 355-57 (1978)). In light of the serious flaws in his complaint, Plaintiff should carefully consider the wisdom of committing himself to spending $150 (from his apparently limited resources) to pursue this action. If he perseveres, he may very well find himself still making installment payments toward the filing fee long after his complaint has been dismissed.