UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JUAN BAUTISTA PION,

Plaintiff,

v.

HENNEPIN COUNTY POLICE DEPARTMENT, HENNEPIN COUNTY DISTRICT ATTORNEY'S OFFICE, and HENNEPIN COUNTY JUDGE BURKE K.

Defendants.

---

Civil No. 01-795 (JMR/JGL)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Orleans Correctional Facility in Albion, New York, commenced this action on May 9, 2001, by filing a "Complaint Under The Civil Rights Act, 42 U.S.C. § 1983." (Docket No. 1.) The matter has been assigned to the undersigned magistrate judge for preliminary review of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A(a), and for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state any claim on which relief can be granted. It will therefore be recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b).

---

[1] Plaintiff's complaint was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) However, Plaintiff did not submit the financial information pertaining to his prisoner trust account required by 28 U.S.C. § 1915(a)(2), nor did he submit the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Those omissions were called to Plaintiff's attention by the Court's order of May 14, 2001. (Docket No. 3.) Plaintiff has now submitted the required trust account information, and paid his initial partial filing fee. (Docket Nos. 4 and 5.) The matter is therefore ripe for further review.

JUN 18 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff alleges that on November 4, 1997, he was arrested in Hennepin County, Minnesota, for a state drug law violation. Two days later he was brought before Defendant "Judge Burke K," a Hennepin County district court judge, who set Plaintiff's bail at $75,000. Plaintiff was unable to post bail, and he remained in the Hennepin County jail for approximately five months. On April 3, 1998, the County Attorney's office moved to dismiss the charges against Plaintiff, (for reasons not explained in the present complaint), and he was released from custody.[2]

Plaintiff is presently attempting to sue three Defendants, identified as "Hennepin County Police Department," "Hennepin County District Attorney's Office," and "Hennepin County Judge Burke K." He claims that Defendants violated his federal constitutional rights, by causing him to be unlawfully arrested and imprisoned for five months, and by setting his bail so high that he could not get out of jail. He is seeking compensatory damages in the amount of $225,000.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking relief from governmental parties, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as

---

[2] As far as the Court can tell, the events described in Plaintiff's complaint are wholly unrelated to his current confinement in New York.

soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading fails to state a legally cognizable claim, or asserts a claim against a party who is immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1) and (2).

In this case, the Court finds that Plaintiff has failed to plead a viable claim against any of the named Defendants. It will therefore be recommended that the action be summarily dismissed, in its entirety, pursuant to § 1915A(b).

A. Claims Against Defendant "Hennepin County Police Department"

The first named Defendant in this case is identified as the "Hennepin County Police Department." This appears to be a misnomer, as counties do not normally maintain "police departments." Presumably, Plaintiff is referring to the Hennepin County Sheriff's Department. However, even if the Court were to overlook or correct the misnamed Defendant, the claims against such Defendant would still have to be dismissed, because neither a "police department" nor a "sheriff's department" is a suable entity.

A police department is merely a component or division of a larger municipal government. Because police departments have no separate independent legal existence, they cannot sued as such. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); see also, Ricketts v. City of Hartford, 74 F.3d 1397, 1400 n. 1 (2nd Cir.), cert. denied, 519 U.S. 815 (1996); PBA Local No. 38 v. Woodbridge Police

Department, 832 F.Supp. 808, 825 (D.N.J. 1993); Stump v. Gates, 777 F.Supp. 808, 815 (D.Colo. 1991), aff'd 986 F.2d 1429 (10th Cir. 1993) (table).

The capacity of a sheriff's department to be sued must ultimately be determined by state law, (Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), citing Fed. R. Civ. P. 17(b)), but most courts that have considered the issue have found that a sheriff's department, like a police department, cannot be sued as such. Id. at 1215 ("county sheriff's department lacks the capacity to be sued"); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) ("the Sheriff's department itself is not a suable entity under § 1983"); Cote v. Kontos, No. 88 C 4751, (N.D.Ill 1989), 1989 WL 10854 at *4 ("[t]he Sheriff's Department of each of these counties does not have a legal existence separate from the county and the Sheriff and therefore is not a suable entity"); Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996) ("[b]ecause there is no indication that the 'Jefferson County Sheriff's Department' enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed"). This Court finds no reason to conclude that the legal status of a sheriff's department is different in Minnesota than it is in most other states. Moreover, at least one judge in this District has specifically ruled that a Minnesota sheriff's department is not a suable entity. In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989).

Thus, the Court concludes that neither the "Hennepin County Police Department" (the party named in the caption of the complaint), nor the "Hennepin County Sheriff's Department," (the party that Plaintiff apparently intended to sue), is a separate legal entity

that can be sued as such. The action must therefore be dismissed as to the first purported Defendant, regardless of what name is used to identify it.[3]

B. Claims Against Defendant "Hennepin County District Attorney's Office"

Plaintiff's claims against the second named Defendant – "Hennepin County District Attorney's Office" – must also be dismissed, because a county attorney's office, like a police department or sheriff's department, is not a suable entity. Reese v. Chicago Police Dep't, 602 F.Supp. 441, 443 (N.D.Ill. 1984) (county attorney's office is not a separate suable entity). "County attorney's office" is merely a term used to identify a county attorney and his or her staff, collectively. Because "Hennepin County District Attorney's Office" is not a separate legal entity, it cannot be sued as such.[4]

It is also worth noting that if Plaintiff were attempting to sue some individual prosecutors who worked in the County Attorney's Office, his claims would have to be

---

[3] The Court further notes that Plaintiff's claims against the "Hennepin County Police Department" or the "Hennepin County Sheriff's Department" appear to be based on the theory of respondeat superior. In other words, Plaintiff seems to be seeking relief against some party for constitutional violations allegedly committed by that party's employees or subordinates. It is well-settled, however, that respondeat superior does not apply to § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, even if Plaintiff had brought his claims against a party that could be sued, (e.g., Hennepin County or the Sheriff of Hennepin County), his claims would still be dismissed, because that party could not be held vicariously liable for any allegedly unconstitutional acts or omissions by its employees or subordinates.

[4] The Hennepin County Attorney herself is a suable party, but she is not named as a Defendant in Plaintiff's complaint. Moreover, it would serve no useful purpose to treat the County Attorney as a named Defendant, because the complaint does not describe any wrongdoing by the County Attorney herself. Also, as the Court has already noted, a party cannot be held vicariously liable in a § 1983 action for unconstitutional acts or omissions by the party's employees or subordinates. See n. 3, supra. Therefore, the Hennepin County Attorney could not be held liable in this case based on constitutional violations allegedly committed by some member(s) of her staff.

dismissed on the grounds of prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976), the United States Supreme Court held that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution. The prosecutorial immunity rule has been applied in numerous subsequent civil actions in both federal and state courts. Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993); Hyland v. State, 509 N.W.2d 561, 564 (Minn. Ct. App. 1993); Erickson v. County of Clay, 451 N.W.2d 666, 669-70 (Minn. Ct. App. 1990); Brown v. Dayton Hudson Corp., 314 N.W.2d 210, 214 (Minn. 1981) ("[w]e adopt the majority rule that public prosecutors, when acting within the scope of their duties by filing and maintaining criminal charges, are absolutely immune from civil liability"). Therefore, if Plaintiff were attempting to sue some prosecuting attorney (to be named later), for actions taken while prosecuting Plaintiff's Hennepin County criminal case, that attorney would be immune from suit.

C. Claims Against Defendant "Judge Burke K"

Plaintiff's claims against the last named Defendant, "Hennepin County Judge Burke K," are clearly barred by the doctrine of judicial immunity. It is well-settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986); Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) (quoting Stewart v. Case, 53 Minn. 62, 66

(1893)) ("it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted"). The doctrine of absolute judicial immunity does not apply to claims based on non-judicial acts or when the judge acted without jurisdiction, (Mireles, 502 U.S. at 11-12), but neither of these exceptions is applicable here. Plaintiff obviously is attempting to sue Defendant "Burke K" for acts that he allegedly performed as the presiding judge in Plaintiff's state court criminal case, and there is no suggestion that the criminal case was outside of the judge's jurisdiction. Therefore, the claims that Plaintiff is attempting to bring against "Hennepin County Judge Burke K" are barred by the doctrine of judicial immunity.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead any actionable claim against any of the named Defendants. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1) and (2).

Because Plaintiff has failed to state an actionable claim, it will also be recommended that his application for leave to proceed in forma pauperis, (Docket Nos. 2 and 4), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff should remain liable for the unpaid balance of the $150 filing fee.[5] He has

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of

paid only $5.00 to date, so he still owes $145.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 4), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1) and (2);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $145.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: June 18, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 6, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.